Daniel SLADE, Jr., Plaintiff,

v.

J. S. PETROVSKY, Individually and in his official capacity as Warden, U.S.P. Lewisburg, Pennsylvania, and Cecil Nave, Individually and in his official capacity as Supervisor of Education, Defendants.

Civ. No. 80–1310.

United States District Court,
M. D. Pennsylvania.

Aug. 18, 1981.

**100**

Daniel Slade, Jr., pro se.

David C. Shipman, Asst. U. S. Atty., Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

On November 12, 1980, Daniel Slade, a prisoner at the United States Federal Penitentiary in Lewisburg, Pennsylvania filed a complaint in which he charged defendants Petrovsky, the warden, and Nave, the supervisor of education, with violation of his constitutional rights. A book entitled *Hypnotism*, for which plaintiff paid $3.17, had arrived at the prison, but was returned to the publisher in violation of Institution Policy Statement No. 5266.2. (Paragraph 10, Amended Complaint.) The policy statement requires that a prisoner be informed in writing of the warden's decision to reject incoming publications and that he be given the opportunity to appeal the proposed rejection under the Administrative Remedy Procedure. The book was ordered on October 3, 1980, returned on November 4, 1980 and this complaint was filed eight days later. On December 18, 1980, after service of the complaint, the plaintiff received a memorandum from defendant Nave which stated:

> Some time ago, you received a book titled "Hypnotism" which was rejected as being deterimental to the security of the Institution. Subsequently, this book was inadvertently returned to the sender. Upon reconsideration of this type of publication it has been determined that the security or orderly operation of the Institution would not seriously be hindered by allowing receipt of this book. Consequently, if you desire you may inform the sender to return this publication to you and you will be allowed to receive it

without delay. (Paragraph 9, Amended Complaint.)

Subsequently, Nave agreed that the education department would bear the cost of re-ordering the book. He confirmed that the book was still available. (Affidavit of Larry Dupont, Doc. # 15.)

Defendants filed a motion for summary judgment supported by a brief and affidavits. The latter denied that either defendant had personal knowledge of the book's untimely return, and declared that neither had knowingly or willfully attempted to violate plaintiff's constitutional rights. The matter was assigned to a United States Magistrate who suggested that plaintiff's request for declaratory, mandamus and injunctive relief might be moot. Since defendants have agreed to obtain the book for plaintiff at their expense, the portion of the complaint seeking declaratory, mandamus and injunctive relief will be dismissed as moot. The magistrate recommended that summary judgment be granted in favor of the defendants on the request for monetary relief in that "their right to a qualified good faith immunity should shield them from any possible liability." The court agrees that summary judgment should be granted in favor of the defendants, however on a different basis than that proposed by the magistrate.

This court finds that plaintiff has not suffered a deprivation of any constitutional right within the meaning of the Due Process Clause. The Fifth Amendment, the only one applicable to these facts, provides: "No person shall ... be deprived of life, liberty or property, without due process of law....' In considering the similar language of the Fourteenth Amendment, then Judge Stevens, writing for a panel of the Court of Appeals for the Seventh Circuit, concluded that there was *no* deprivation without due process of law if there were adequate state remedies to redress the loss. *Bonner v. Coughlin*, 517 F.2d 1311 (7th Cir. 1975), *mod. en banc*, 545 F.2d 565 (1976), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978). In that case a prisoner had sued Illinois prison officials charging

that the loss of a transcript due to negligence was a deprivation of property without due process of law. Illinois permitted suits for property losses occasioned by the actions of state personnel. The court found that, since legal process was still available to the plaintiff, the "state action" which is a necessary component of a claim under 42 U.S.C. § 1983 was not complete and no federal right had been violated.

The Supreme Court quoted Judge Stevens with approval in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In the latter case the Supreme Court ruled that Nebraska prison personnel charged with losing $23.50 worth of hobby materials ordered by a prisoner had not violated the Due Process Clause of the Fourteenth Amendment by their failure to follow established state procedures. Noting that the prisoner could make a tort claim against the state of Nebraska, a *post-deprivation* remedy, the Court concluded:

> The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process. *Parratt v. Taylor*, at 544, 101 S.Ct. at 1917.

■ *Parratt*, like *Bonner*, was an action under 42 U.S.C. § 1983. However, the reasoning of those cases is applicable to the lawsuit before this court. There were administrative remedies available to Slade once he learned of the return of the book he had ordered. These admittedly would, if successful, be post-deprivation relief. He failed to pursue these, and instead quickly filed suit. Almost immediately upon learning the facts of the situation, the prison authorities moved to remedy it. (See the memo from defendant Nave which is quoted above.) They are willing to fully compensate plaintiff for his loss. Since there were post-deprivation remedies available to plaintiff both within the prison and under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671, et seq., plaintiff has failed to state a claim for the deprivation of property *without due process of law*.

**ORDER**

IT IS HEREBY ORDERED:

1. The recommendation of the magistrate is adopted.

2. Plaintiff's claims for declaratory, mandamus and injunctive relief will be dismissed upon the filing by defendants, or their designee, of an affidavit stating that *Hypnotism* has been delivered to the plaintiff.

3. Defendants are granted summary judgment on the claim for monetary relief.

4. Plaintiff's motion to compel discovery is denied.